**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROOSEVELT ARON, III,

      Defendant - Appellant.

No. 09-3374

(D. Kansas)

(D.C. No. 08-CR-20169-KHV-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Roosevelt Aron III, pled guilty to one count of carjacking and one count of brandishing a firearm during and in relation to a crime of violence. He was sentenced to 118 months' imprisonment. Arguing that

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the sentence imposed is substantively unreasonable, Mr. Aron appeals. We affirm his sentence.

**BACKGROUND**

Shortly after midnight on the morning of August 16, 2008, Mr. Aron approached a car containing five teenagers visiting from Iowa while the car was being fueled at a gas station in Kansas City, Kansas. He asked if the car inhabitants wanted to buy drugs, which they declined. Mr. Aron then pointed a .40 caliber semi-automatic handgun at one of the car passengers and made all of them get out of the car. At this point, the driver of the car returned from the gas station kiosk, and Mr. Aron pointed his gun at the driver's chest and demanded the keys to the car. When he got the keys, Mr. Aron got into the car and attempted to start it, but was unable to do so. He then got into the passenger side of a Dodge Durango and the car fled the scene, accompanied by a green Nissan.

After the five victims notified the police, a police officer observed the Durango and the Nissan traveling down a street together. The officer was able to stop the Nissan, but not the Durango. A woman was driving the Nissan and the sole passenger was a man named Terrance Brown, who appeared to be hiding something under his seat. Under that seat, police personnel found a handgun matching the description of the one used by the carjacker. Upon closer examination, police found that the gun had a round in its chamber and the gun's

-2-

magazine (containing four rounds) was found in the map compartment of the door by the seat on which Mr. Brown was sitting.

Mr. Brown was arrested, but later that day Mr. Aron went to the police department and admitted that he was the one who committed the carjacking. Mr. Aron's description of what had happened was consistent with what the victims related. Mr. Aron's confession was further corroborated by a fingerprint he left on the car involved in the carjacking. As indicated, he later pled guilty to charges of carjacking and brandishing a weapon during and in relation to a crime of violence.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"), which calculated an advisory sentence under the United States Guideline Commission, Guidelines Manual (2009). The PSR calculated Mr. Aron's base offense level as 20 for the first count (carjacking). After a 2-level enhancement and a 3-level reduction, the PSR assigned a total offense level of 19 which, combined with a criminal history category of I, yielded an advisory guideline sentencing range of 30 to 37 months for count one, carjacking in violation of 18 U.S.C. § 2119. As for count two, carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), the Guideline sentence is the statutory mandatory minimum of seven years, to be served consecutively to any other sentence imposed. See USSG §2K2.4(b). This resulted in a total sentence of 118 months.

At the sentencing hearing, Mr. Aron urged the court to impose a sentence of "time served"on count one, calculating that to be 13 months. He then argued that because he is a "young man" (25 years old at the time of sentencing), a sentence of 84 months on count two in addition to time served on count one would be sufficient. The government opposed any such downward variance, asking for a 37-month sentence on count one (within the applicable guidelines) and the statutory mandatory minimum sentence of 84 months on count two, for a total of 121 months. The government noted that the court had revoked Mr. Aron's pretrial release because of a positive drug test for cocaine and marijuana and because Mr. Aron had missed his curfew twice. As the prosecutor argued, "[t]he fact that he continues to use crack cocaine when on federal release is probably the biggest statement . . . that he needs to be sentenced to a long sentence." Tr. of Sentencing Hr'g at 64, R. Vol. 2 at 110.

After hearing the argument of the parties, the court sentenced Mr. Aron to 34 months on count one and 84 months on count two, to run consecutively, thus totaling 118 months. The court explained why it refused to sentence Mr. Aron to a sentence below the advisory guideline range:

> You obviously are . . . intelligent and you have a lot of the life skills that you could put to much better use. But in terms of mitigating factors that relate to this crime, I don't see anything that really takes this outside of the guidelines.
> And when I put into the equation your violations while you were on bond and your problems that you had, especially with the

drugs, then I can't even justify a sentence at the low end of the guideline range.

        So what I would propose here is 34 months in custody on Count 1. That would be the middle of the guideline range. It would be followed by 84 months on Count 2, which is the low end of the statute. I think that these periods of incarceration would be sufficient but not greater than necessary to meet all of the objectives of federal sentencing law . . . based on the nature of your history.

Id. at 88-89. The court further stated, "I would underscore . . . in this particular case, . . . if you don't deal with your drug problems before you get out of prison, I don't think there is any way to protect the public from further crimes by you. And since I'm not satisfied that you are willing and able to do that, I feel a longer sentence is appropriate and necessary." Id. at 92. Mr. Aron appeals his sentence, arguing it is substantively unreasonable under the factors listed in 18 U.S.C. § 3553(a).

## DISCUSSION

We review a criminal defendant's sentence for reasonableness, deferring to the district court under the "familiar abuse-of-discretion standard of review." Gall v. United States, 552 U.S. 38, 46 (2007). Reasonableness review has a procedural and a substantive component. United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). Mr. Aron only challenges the substantive reasonableness of his sentence.

In performing substantive reasonableness review, we consider "whether the length of the sentence is reasonable given all the circumstances of the case in

light of the factors set forth in 18 U.S.C. § 3553(a)." Id. at 1215.  A sentence imposed within a properly calculated advisory guidelines range is entitled to a rebuttable presumption of reasonableness.  We will reverse a sentence as substantively unreasonable only when the district court "renders a judgment that is arbitrary, capricious, whimsical or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (2009) (internal quotations and citation omitted).

Applying that standard to the sentence imposed in this case, we discern no abuse of discretion.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge